UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONFERENCE OF PRESIDENTS OF MAJOR ITALIAN AMERICAN ORGANIZATIONS, INC., et al.,** : <br> Plaintiffs, : <br> : **Case Number** <br> : **2:21-cv-01609-CDJ** <br> V. : <br> : <br> **CITY OF PHILADELPHIA, et al.,** : <br> Defendants. : | |

**ORDER**

AND NOW, this ____ day of _____, 2021, upon consideration of Defendants City of Philadelphia and Mayor James Kenney's **Motion to Dismiss and Memorandum of Law in Support** and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and the Interpleader's Complaint (ECF #16) is **DISMISSED WITH PREJUDICE**.

  
_____

J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONFERENCE OF PRESIDENTS OF MAJOR ITALIAN AMERICAN ORGANIZATIONS, INC., et al., <br>                               Plaintiffs, <br> V. <br> CITY OF PHILADELPHIA, et al., <br>                               Defendants. | Case Number <br> 2:21-cv-01609-CDJ |

## DEFENDANTS' MOTION TO DISMISS

Defendants, the City of Philadelphia and Mayor James F. Kenney, file this Motion to Dismiss Intervenor's Complaint under Rules 12(b)(1) and 12(b)(6). The Court should grant the motion for the reasons more fully explained in the accompanying memorandum.

WHEREFORE, the Defendants respectfully request that this Court grant the Motion and dismiss the Interpleader Complaint with prejudice under Rules 12(b)(1) and 12(b)(6).

                              CITY OF PHILADELPHIA LAW DEPARTMENT
                              DIANA P. CORTES, CITY SOLICITOR

                              /s/ Benjamin Field
                              Benjamin H. Field
                              Divisional Deputy City Solicitor
                              Meghan Claiborne
                              Deputy City Solicitor
                              Lydia Furst
                              Deputy City Solicitor
                              City of Philadelphia Law Department
                              1515 Arch Street, 15th Floor
                              Philadelphia, PA 19102
                              (215) 683-5024
                              benjamin.field@phila.gov

Dated: May 12, 2021

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONFERENCE OF PRESIDENTS OF MAJOR ITALIAN AMERICAN ORGANIZATIONS, INC., et al., Plaintiffs, V. CITY OF PHILADELPHIA, et al., Defendants. | Case Number 2:21-cv-01609-CDJ |

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS

CITY OF PHILADELPHIA LAW DEPARTMENT
DIANA P. CORTES, CITY SOLICITOR

By: Benjamin Field, Esq.
Divisional Deputy City Solicitor
P.A. Bar No. 204569
Meghan Claiborne, Esq.
Deputy City Solicitor
P.A. Bar No. 315918
Lydia Furst, Esq.
Deputy City Solicitor
P.A. Bar No. 307450
 (215) 683-5024 / benjamin.field@phila.gov
*Attorneys for Defendants*

Dated: May 12, 2021

Defendants, the City of Philadelphia and Mayor James F. Kenney (collectively, "Defendants" or "City"), by and through their undersigned counsel, hereby file this Motion to Dismiss Intervenor Grand Lodge of Pennsylvania, Sons and Daughters of Italy's ("Intervenor") Complaint under Rules 12(b)(1) and 12(b)(6).

**I.      INTRODUCTION**

On January 27, 2021, the Mayor of Philadelphia, James Kenney, issued an Executive Order that addressed the nomenclature of the City holiday that falls on the second Monday in October. That day, which had previously been designated "Columbus Day" and continues to be referred to as Columbus Day by the federal government and the Commonwealth of Pennsylvania, remains a City holiday but is now designated "Indigenous Peoples' Day" in Philadelphia. As the Executive Order explained, Philadelphia is not alone in changing the name of this holiday to Indigenous Peoples' Day – Arizona, Michigan, Minnesota, North Carolina, Vermont, Virginia, Wisconsin and Washington, D.C. have taken similar steps. The choice to rename Columbus Day Indigenous Peoples' Day reflects the importance in Philadelphia (and other communities) of acknowledging the deeply complicated history of Columbus and the 'discovery' of America.

On April 6, 2021, a consortium of Italian American organizations, a local Italian American non-profit, Councilman Mark Squilla, and a Philadelphia resident of Italian American heritage challenged the Mayor's Executive Order by filing the Complaint in this case. Plaintiffs allege that the Mayor's Executive Order violates their equal protection rights under the United States Constitution and that it is contrary to state and city law. As relief, Plaintiffs ask this Court to declare the Executive Order void and in effect require that the City must refer to the second Monday in October as "Columbus Day".

On April 22, 2021, Intervenor filed a motion to intervene. (ECF #10) On April 27, 2021 the Court granted the motion. (ECF #14) The Intervenor Complaint was docketed on April 28, 2021. (ECF #16) The Intervenor Complaint incorporates by reference paragraphs 1 through 14 and 19 through 189 of the Complaint. (*Id.*)

In light of Intervenor's wholesale adoption of Plaintiffs' factual allegations and claims, Defendants incorporate by reference the arguments and authority put forth in their Motion to Dismiss, filed on May 12, 2021 ("Motion to Dismiss"). (ECF #17)

## II. STATEMENT OF FACTS

Intervenor, a Pennsylvania Corporation organized and incorporated in 1913, identifies itself as the oldest and largest fraternal organization of Italian American organizations in the Commonwealth of Pennsylvania. (*Id.* at ¶ 2) Intervenor's By-Laws state that it shall "commemorate the anniversary of the discovery of America by Christopher Columbus" on the second Monday in October of each year, and that such date shall be Intervenor's "Official Holiday." (*Id.* at ¶ 4).

Defendants further incorporate by reference the facts recited in the Motion to Dismiss.

## III. ARGUMENT

Intervenor lacks Article III standing because they have not alleged any discriminatory treatment or concrete direct harm that they have experienced or will experience as a result of the Executive Order. Intervenor's attempt to bolster its alleged by harm by relying upon its own By-Laws is wholly without merit as the Executive Order in no way precludes or interferes with Intervenor's personal organizational documents and/or activities. Finally, for the reasons identified in the Motion to Dismiss, Intervenor's federal and state law clams fail as a matter of law.

### A. Intervenor Lacks Standing

    *i. Rule 12(b)(1) Legal Standard*

Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) ("At issue in a Rule 12(b)(1) motion is the court's very power to hear the case." (internal quotations omitted)). The burden of establishing the federal court's jurisdiction always lies with the plaintiff. *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Save Ardmore Coalition v. Lower Merion Twp.*, 419 F. Supp. 2d 663, 669 (E.D. Pa. 2005). It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991).

"A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may present either a facial or a factual attack." *Singleton v. Jas Auto. LLC,* 378 F. Supp. 3d 334, 342 (E.D. Pa. 2019) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)) (quotations omitted).

    *ii. The Complaint Should be Dismissed Pursuant to F.R.C.P. 12(b)(1) Because Intervenor Lacks Standing and Therefore Has Failed to Establish a Justiciable Case or Controversy.*

For all the reasons identified in Defendants' Motion to Dismiss, including failure to identify an actual harm or discriminatory behavior, Intervenor lacks standing. Intervenor's attempt to supplement their purported by harm by claiming that the Executive Order "makes it impossible for [Intervenor] to comply with its By-Laws" is baseless. (*Id.* at ¶ 6). Specifically, Intervenor's By-Laws indicate that the organization shall recognize the second Monday in

October as its official holiday for the purpose of celebrating "in a solemn and dignified manner" the "outstanding achievement and greatness of Christopher Columbus." (*Id.* at ¶ 4).  However, the Executive Order is wholly silent as to Intervenor, its By-Laws or the celebration of Christopher Columbus by private individuals and/or organizations.  The Executive Order addresses the name of the municipal holiday which falls on the second Monday in October of each year.  Intervenor remains free to commemorate Christopher Columbus on the second Monday in October in whatever manner it sees fit.  Thus, this argument fails to remedy the fatal standing issues identified in the Motion to Dismiss.

Further, even if Intervenor had sufficiently alleged a harm, it still fails to allege a sufficient nexus to the City.  Intervenor identifies itself as a "fraternal organization of Italian American organizations in the Commonwealth of Pennsylvania. (*Id.* at ¶ 2)  While Intervenor identifies its office and place of business as being located at 1518 Walnut Street, Suite 1410, Philadelphia, PA 19102, it fails to identify a single one of its purported member-Italian American organizations, the county of incorporation of any such member-organizations, or the county of residence of even a single member of any such member-organizations.  There is simply nothing to support that a single member of a member-organization actually suffered any harm that could even give rise to standing if properly pled.  *See, e.g.*, *Harris v. United States*, 447 F. Supp. 2d 208, 211 (D. Conn. 2005) (holding plaintiffs, who were founders of an organization dedicated to promoting African-American history, lacked standing where they failed to allege direct harm from federal government's alleged racial bias in selection of holidays).

Because Intervenor has failed to allege a concrete and cognizable harm, for the reasons stated above and set forth in the Motion to Dismiss, Intervenor lacks standing under Article III and the Complaint should be dismissed pursuant to Rule 12(b)(1).

### B. Intervenor Fails to State a Claim Upon Which Relief May be Granted

*i. Rule 12(b)(6) Legal Standard*

The applicable standard for a Rule 12(b)(6) motion is well-settled.  Under this Rule, the Court must dismiss an action on motion made before a responsive pleading is filed, when a complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his "'entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a Complaint must contain something more than "naked assertion[s]" devoid of "further factual enhancement.").  "The basic principle that a court must accept all allegations as true is inapplicable to either legal conclusions or [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

*ii. Intervenor's Claims Fail as a Matter of Law.*

Defendants incorporate by reference each of the arguments asserted in the Motion to Dismiss as to Intervenor's federal and state claims.

### IV. CONCLUSION

For all of the foregoing reasons, the Intervenor Complaint should be dismissed with prejudice.

        CITY OF PHILADELPHIA LAW DEPARTMENT
        DIANA P. CORTES, CITY SOLICITOR

        <u>/s/ Benjamin Field</u>
        Benjamin H. Field
        Divisional Deputy City Solicitor
        Meghan Claiborne
        Deputy City Solicitor
        Lydia Furst
        Deputy City Solicitor
        City of Philadelphia Law Department
        1515 Arch Street, 15th Floor
        Philadelphia, PA 19102
        (215) 683-5024
        benjamin.field@phila.gov

Dated: May 12, 2021

**CERTIFICATE OF SERVICE**

I, Meghan E. Claiborne, hereby certify that I caused to be served today one copy of the foregoing **Motion to Dismiss and Memorandum of Law in Support** upon all counsel of record via CM/ECF.

*/s/ Meghan E. Claiborne*
Meghan E. Claiborne
City of Philadelphia Law Department

Dated: May 12, 2021